January 13, 2022

**Supreme Court**

No. 2021-27-Appeal.
(KC 19-898)

Saint Elizabeth Home          :

v.                            :

Rebecca Gorham.              :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Saint Elizabeth Home      :

v.           :

Rebecca Gorham.      :

Present: Suttell, C.J., Goldberg, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.** This case came before the Supreme Court on December 9, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Rebecca Gorham (defendant or Gorham), appeals from a judgment entered in favor of the plaintiff, Saint Elizabeth Home (plaintiff or Saint Elizabeth Home). After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons stated herein, we affirm the judgment of the Superior Court.

### Facts and Travel

Saint Elizabeth Home is a skilled nursing and rehabilitation center located in East Greenwich, Rhode Island. The defendant's mother, Mary Moore (Moore), was

- 1 -

admitted to Saint Elizabeth Home on March 16, 2018. Three days after Moore's admission, defendant, acting as Moore's representative, entered into an admission agreement (the agreement) with Saint Elizabeth Home. Pursuant to the agreement, Saint Elizabeth Home would charge a daily rate and provide "room and board, routine nursing services, activities, social services, [and] laundry" to Moore. The defendant agreed to be "personally liable to [Saint Elizabeth Home] for any and all amounts due * * * from" Moore.

On August 2, 2019, Saint Elizabeth Home filed the instant action against defendant, alleging that she breached the terms of the agreement by failing to pay for the services provided to Moore. At the time the complaint was filed, the amount purportedly due to plaintiff for services rendered to Moore was $92,309. Apparently, in or about August 2019, Moore "was out of money," and thereafter successfully applied for Medicaid benefits. Medicaid paid over half of the outstanding amount, but $44,563 remained due and owing to Saint Elizabeth Home.

Saint Elizabeth Home moved for summary judgment on July 16, 2020, arguing that it was undisputed that defendant entered into the agreement and assumed personal liability for payment for the services that Saint Elizabeth Home rendered to Moore. The defendant objected to summary judgment, asserting that she relied upon "plaintiff's expertise and knowledge to guide them through the

process that included eventual application for Medicaid." She maintained that plaintiff "should have told us to apply [for Medicaid] probably nine months earlier."

On September 14, 2020, the hearing justice granted Saint Elizabeth Home's motion for summary judgment, finding that defendant "admits that she had the duty to apply for Medicaid," and that she had agreed to personally guarantee the amounts due to Saint Elizabeth Home in the agreement. The hearing justice noted that the record was devoid of any "clear allegation that" Saint Elizabeth Home did not assist defendant in applying for Medicaid "and providing financial information." Judgment entered in favor of plaintiff for $44,563. The defendant timely appealed.

## Standard of Review

A decision granting summary judgment is reviewed *de novo* by this Court. *Middle Creek Farm, LLC v. Portsmouth Water & Fire District*, 252 A.3d 745, 750 (R.I. 2021). We, like the trial justice, "view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* at 751 (quoting *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 598 (R.I. 2019)). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a

- 3 -

disputed issue of material fact." *Citizens Bank, N.A. v. Palermo*, 247 A.3d 131, 133 (R.I. 2021) (deletion omitted) (quoting *Boudreau*, 212 A.3d at 598).

**Discussion**

On appeal, defendant argues that the hearing justice erred in granting summary judgment because "[t]he existence, application and source of funds for the care of M[oore] * * * is a material fact in this matter." She contends that plaintiff failed "to act and assist in the Medicaid process per the contract[, which] resulted in the deficiency."

It is well settled that "the language employed by the parties to a contract is the best expression of their contractual intent, and when that language is clear and unambiguous, words contained therein will be given their usual and ordinary meaning and the parties will be bound by such meaning." *Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated*, 199 A.3d 1034, 1040 (R.I. 2019) (brackets omitted) (quoting *Cathay Cathay, Inc. v. Vindalu, LLC*, 962 A.2d 740, 746 (R.I. 2009)). Here, it is uncontested that defendant entered into the agreement and thereby bound herself to be personally liable for the costs of any services rendered by plaintiff to Moore.

Moreover, the terms of the agreement do not support defendant's contention that plaintiff was obligated, in any way whatsoever, to act or assist with the Medicaid application process. Rather, the agreement explicitly states that if Moore's economic status changed such that she may be eligible for Medicaid, defendant was

obligated to "immediately notify [plaintiff] in writing of that change and when an application [for Medicaid] was made." The defendant agreed that she would "apply promptly for * * * any applicable Medicare or other insurance benefits." However, regardless of Moore's Medicaid status, the agreement provided that defendant and Moore "*shall remain liable for the entire amount due*[.]" (Emphasis in original.)

The terms of the agreement are clear and unambiguous. The defendant is personally liable for payment of the services rendered by Saint Elizabeth Home. Saint Elizabeth Home was not required to assist defendant in applying for Medicaid benefits. Therefore, we conclude that there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law.

Further, the defendant failed to present any evidence to support her argument that the plaintiff did not act in good faith or mitigate its damages. The defendant, as the nonmoving party, bore "the burden of proving by competent evidence the existence of a disputed issue of material fact[.]" *Nelson v. Allstate Insurance Company*, 228 A.3d 983, 985 (R.I. 2020) (quoting *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 175 (R.I. 2019)). She is not permitted to simply "rest upon mere allegations[,] * * * conclusions[,] or mere legal opinions." *Id.* (quoting *JHRW, LLC*, 212 A.3d at 175). Accordingly, we conclude that the hearing justice properly granted summary judgment in favor of the plaintiff.

**Conclusion**

For the foregoing reasons, we affirm the judgment of the Superior Court. The papers in this case may be remanded to the Superior Court.

Justice Robinson did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Saint Elizabeth Home v. Rebecca Gorham. |
| **Case Number** | No. 2021-27-Appeal.<br>(KC 19-898) |
| **Date Opinion Filed** | January 13, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Joshua S. Parks, Esq.<br>Patricia K. Rocha, Esq. |
| | For Defendant:<br><br>Edward R. McCormick, III, Esq. |